IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **BBVA USA,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:21-cv-00077 |
| | § | |
| **GLEN EDWARD SCHNABLEGGER,** | § | |
| Defendant. | § | |
| | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff BBVA USA, an Alabama banking corporation formerly known as Compass Bank ("**Plaintiff**" or "**BBVA USA**") files this Original Complaint against Defendant Glen Edward Schnablegger ("**Defendant**"), and in support, respectfully shows:

### I. PARTIES

1. Plaintiff BBVA USA is a state-charted bank that is incorporated in the State of Alabama with headquarters in Birmingham, Alabama. BBVA USA conducts business in Texas and maintains branches in Laredo, Texas.

2. Defendant Glen Edward Schnablegger is an individual residing in Fullerton, California, and may be served with process at his residence in Fullerton, California, or wherever he may be found.

### II. JURISDICTION & VENUE

3. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because Defendant is a citizen of a different state than Plaintiff, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.     This Court has personal jurisdiction over Defendant because he purposefully availed himself of the privileges and benefits of the laws of Texas by conducting business in Texas and by entering into a contract with BBVA USA in Laredo, Texas, which is performable in Laredo, Texas, and gives rise to the instant cause of action. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-292 (1980); *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 n.8 (1984); *Electrosource, Inc. v. Horizon Battery Techs.*, 176 F.3d 867, 872 (5th Cir. 1999).

5.     Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred within this district. 28 U.S.C. § 1391(b)(2).

6.     In addition, there is a valid and enforceable forum-selection clause in the contract at issue, wherein the parties contractually agreed to submit to the jurisdiction of this district and division. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590-95 (1991); *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995).

### III.    FACTUAL BACKGROUND

**A.    Promissory Note**

7.     BBVA USA made a loan to Defendant in the amount of $1,650,000.00 secured by real property in Los Cabos, Baja California Sur, Mexico (the "**Property**").

8.     Specifically, Defendant, as borrower, executed a Promissory Note dated February 13, 2008, in the original principal amount of $1,650,000.00 in favor of BBVA USA[1] as Payee (the "**Note**"), a true and correct copy of which is attached hereto as **Exhibit A** and incorporated herein by reference.

---

[1] The Promissory Note and Loan Agreement attached hereto reflect that the original loan agreement was between Defendant and the Laredo National Bank. The Laredo National Bank was later acquired by Compass Bank, which in turn later changed its name to BBVA USA.

9. BBVA USA is the legal owner and holder of the Note.

10. Defendant also executed a Loan Agreement in connection with the Note, which was executed on January 31, 2008 (the "**Loan Agreement**"), a true and correct copy of which is attached hereto as **Exhibit B**[2] and incorporated herein by reference.[3]

11. Under paragraph 5.01 of the Loan Agreement, any default by Defendant in the performance of any term, covenant, or agreement contained in the Loan Agreement shall be an event of default causing all outstanding principal plus unpaid interest to become immediately due and payable.

B. **Default**

12. Defendant is in default on the Note because he has failed to pay principal and interest payments due on the Note.

13. On June 9, 2021 and June 18, 2021, BBVA USA sent a formal demand to Defendant's last known addresses, demanding that Defendant pay the past-due balance owed on the Note, and further notifying Defendant that if he failed to cure the default, BBVA USA intended to accelerate the Note according to the terms thereof and/or of the Loan Agreement. True and

---

[2] The Loan Agreement is written in the Spanish language. Neither the Federal Rules of Civil Procedure nor the Local Rules for the Southern District of Texas appear to require that an operative, foreign-language document attached to the complaint be accompanied by an English translation. Nonetheless, as part of Exhibit B, BBVA USA has included an informal, English-language translation of the Loan Agreement for the Court's convenience. An authenticated translation will be submitted to the Court upon request.

[3] In connection with the Note and the Loan Agreement, Defendant formed a Mexican Trust to own and hold legal title to the Property and executed an Irrevocable Deed of Trust and Guaranty Agreement with BBVA Bancomer, S.A., Institucion de Banca Multiple, Grupo Financiero BBVA Bancomer, Division Fiduciaria as Trustee, Defendant as beneficiary, and BBVA USA as a lien holder. By way of background, a trust was used here because the Mexican Constitution prohibits ownership of real property by foreigners within 31 miles of Mexico's coasts and 62 miles of its international borders. *See Compass Bank v. Williams*, Civil Action No. 5:12-CV-186, 2015 WL 12803710, at *1 n.1 (S.D. Tex. Jan. 20, 2015). The Property serves as collateral on the Note. BBVA USA is not seeking to enforce its rights in the collateral in this proceeding. To the extent that BBVA USA seeks to foreclose on the Property as provided for under the Irrevocable Deed of Trust and Guaranty Agreement and Mexican law, the proceeds of said foreclosure will be credited to any judgment obtained in this matter. *See* Tex. Prop. Code §§ 51.003; 51.005; *In re Gayle*, 189 B.R. 914, 918 (Bankr. S.D. Tex. 1995); *Grant v. U.S. Dept. of Veteran's Affairs*, 827 F. Supp. 418, 421 (S.D. Tex. 1993).

correct copies of the Notice of Default and Intent to Accelerate are attached hereto as **Exhibit C**[4] and **Exhibit D**[5] and incorporated herein by reference.

14. To date, Defendant remains in default. Therefore, BBVA USA hereby accelerates the Note, in accordance with the terms of the Note and/or the Loan Agreement, and declares that all principal and interest under the Note is now immediately due and payable. The total amount of principal owed by Defendant on the Note to date is $1,190,318.93, plus interest and expenses, which continue to accrue in accordance with the terms of the Note and Loan Agreement.

### IV.   CLAIMS

**Claim 1: Breach of Contract/Suit on Note**

15. Plaintiff incorporates herein by reference paragraphs 1 through 15 above.

16. Defendant entered into a valid and binding contract with BBVA USA when he executed the Note and the Loan Agreement.

17. BBVA USA performed all of its obligations under the Note and the Loan Agreement.

18. Defendant is in default under the Note and the Loan Agreement for non-payment of principal and interest when due.

19. Defendant's default and breach of the Note and Loan Agreement has caused Plaintiff to incur damages for which it now sues.

---

[4] The Notices of Default and Intent to Accelerate attached hereto as Exhibit C and Exhibit D do not include the enclosures to the same.

[5] Plaintiff sent a second Notice of Default and Intent to Accelerate on June 18, 2021 in order to ensure that the notice was correctly addressed to Defendant.

20.     As of the date of this filing, the full amount of principal due on the loan is $1,190,318.93, plus interest and other expenses, which continue to accrue in accordance with the terms of the Note and Loan Agreement.

## V.     CONDITIONS PRECEDENT

21.     All conditions precedent for the bringing of this suit have been performed or have occurred.

## VI.    ATTORNEY'S FEES

22.     Plaintiff incorporates herein by reference paragraphs 1 through 21 above.

23.     Pursuant to the terms of the Note and Loan Agreement, Defendant agreed to pay BBVA USA such additional sum for expenses and attorney's fees as the court may adjudge reasonable in the event BBVA USA should commence suit to enforce payment of the Note and accrued interest, if any. Defendant's conduct has required BBVA USA to hire the undersigned attorneys to bring this suit. As a result of Defendant's conduct, BBVA USA is entitled to recover its reasonable attorney's fees for bringing this suit in the trial court and on any appeals of this suit.

24.     In addition, Plaintiff is entitled to recover its attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001 *et seq*. Defendant's conduct has required Plaintiff to hire the undersigned attorneys to prosecute this suit. Plaintiff has presented the claims described above to Defendant. Over 30 days have expired since presentment of Plaintiff's claims to Defendant, yet Defendant has failed to comply with or honor Plaintiff's claims. As a result of Defendant's conduct and failure to comply with their contractual obligations, Plaintiff is entitled to recover its reasonable attorney's fees for prosecuting this suit in the trial court and on any appeals of this suit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon hearing and trial, Plaintiff recover Judgment from Defendant as follows:

1. Principal in the amount of $1,190,318.93 plus interest and expenses in accordance with the terms of the Note and Loan Agreement;
2. Reasonable attorney's fees through trial, with contingent awards in the event of appeals;
3. Pre-judgment interest at the rate of 17.5% per annum, which is the default rate of interest provided in the Note, and post-judgment interest at the statutory rate or as allowed under the law;
4. All costs of court; and
5. Any and all further relief, both in law and in equity, to which Plaintiff may be deemed justly entitled.

Date: July 26, 2021.

Respectfully submitted,

**DAVIS & SANTOS, P.C.**

By: */s/ Sarah Santos*
Sarah Santos
**Attorney-in-Charge for Plaintiff**
State Bar No. 24040955
Southern District No. 602646
E-mail: *ssantos@dslawpc.com*
Landon Hankins
State Bar No. 24100924
Southern District No. 3370321
E-mail: *lhankins@dslawpc.com*
719 S. Flores Street
San Antonio, Texas 78204
Telephone: (210) 853-5882
Facsimile: (210) 200-8395